UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAURICE ANTWAN HAYNES,

      Petitioner,

                                      CASE NO.  2:13-CV-10358

  v.                               JUDGE LAWRENCE P. ZATKOFF
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

DAVID BERGH,

      Respondent.

                                      /


ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD (docket #16)

Petitioner Maurice Antwan Haynes filed a petition for the writ of habeas corpus in this Court

on January 29, 2013, challenging his 2007 state court convictions for second degree murder and

various firearms offenses.  On April 16, 2014, I filed a Report recommending that the Court deny

the petition.  Petitioner filed objections to the Report and Recommendation, and those objections

are currently pending before the District Judge.  On June 10, 2014, petitioner also filed a motion to

expand the record.  In his motion to expand the record, petitioner seeks expansion of the record to

include the affidavit of Willie Hunter, executed on June 3, 2014.  In his affidavit, Hunter avers that,

on the day of trial, the prosecutor threatened him and attempted to coerce him into testifying against

petitioner.  Petitioner argues that this affidavit should be included in the record because it supports

his first habeas claim.  The Court disagrees.

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts

provides that a habeas court "may direct the parties to expand the record by submitting additional

materials relating to the petition." Rule 7(a), 28 U.S.C. foll. § 2254. Under Rule 7, "[w]hen expansion of the record is sought, the court must assess whether the materials submitted are relevant to resolution of the petition." *Murdaugh v. Ryan*, No. CV 09-831, 2010 WL 3523070, at *68 (D. Ariz. Sept. 3, 2010); *see also*, *Levine v. Torvik*, 986 F.2d 1506, 1517-18 (6th Cir. 1993) (suggesting that under Rule 7 it is not appropriate to include evidence in the record which has no relevance to the issues before the court). At the outset, Hunter's affidavit is entitled to little weight. New statements from witnesses years after the crime are inherently suspect, *see Schlup v. Delo*, 513 U.S. 298, 331 (1995), and such statements are to be viewed with "a degree of skepticism." *Herrera v. Collins,* 506 U.S. 390, 423 (1993) (O'Connor, J., concurring); *see also*, *McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007) (citing *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001); *Byrd v. Collins,* 209 F.3d 486, 508 n. 16 (6th Cir. 2000). Hunter executed his affidavit nearly seven years after petitioner was convicted, and there is no explanation for the long delay in Hunter executing his affidavit. *See Lewis v. Smith,* 110 Fed. Appx. 351, 355 (6th Cir. 2004) (proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial); *Olson v. United States*, 989 F.2d 229, 231 (7th Cir. 1993) (recantation more than four years after trial testimony was dubious).

In any event, Hunter's affidavit does not support petitioner's first habeas claim. In his first claim, petitioner contends that he was denied a fair trial by the introduction of Hunter's videotaped police interview, which was introduced to impeach Hunter's trial testimony. Petitioner argues that the prosecution used Hunter's trial recantation as a subterfuge to introduce his prior inconsistent statement as substantive evidence of petitioner's guilt. As explained in the R&R, however, even if the prosecutor called Hunter solely for the purpose of introducing his prior inconsistent statement

as substantive evidence, this would raise no cognizable constitutional claim because the rule

prohibiting the use of a prior inconsistent statement as substantive evidence of guilt is not a rule of

constitutional dimension.  *See Isaac v. United States*, 431 F.2d 11, 15 (9th Cir. 1970).  Thus, the use

of Hunter's prior inconsistent statements, even if contrary to state evidence law, does not raise a

federal constitutional claim cognizable on habeas review.  *See Neal v. McKee*, No. 04-CV-40275,

2006 WL 846747, at *7 (E.D. Mich. Mar. 29, 2006) (Gadola, J.); *Catlett v. Stovall*, No. 05-CV-

72890, 2006 WL 3103687, at *5 (E.D. Mich. Oct. 31, 2006) (Rosen, J.).  Nothing in Hunter's

affidavit changes this simple legal determination.

Nor do Hunter's allegations of coercion raise an independent constitutional claim.  "[E]ven

where the prosecutor's actions may legitimately be viewed as unnecessary and coercive threats made

for no other valid purpose than to intimidate, the defendant still must show the prosecutor's actions

prejudiced him in some way."  *Hardiman v. Curtin*, No. 1:06-CV-177, 2009 WL 2616256, at *2

(W.D. Mich. Aug. 25, 2009) (citing *United States v. Emuegbunam*, 268 F.3d 377, 400 (6th Cir.

2001); *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995)).  Here, Hunter was not coerced into

testifying against petitioner; on the contrary, he testified at trial that petitioner did not confess to

him, and that he had fabricated petitioner's alleged confession based on information about the case

that he had heard while detained.  As the Sixth Circuit recently explained in rejecting a similar

claim:

> Witness intimidation, in and of itself, constitutes a violation of a defendant's due
> process rights only when, "[g]overnment conduct rises to the level of substantial
> interference with a witness's 'free and unhampered determination to testify.'"
> *Johnson v. Bell*, 525 F.3d 466, 480 (6th Cir. 2008). Far from interfering with the
> witnesses' "unhampered determination to testify," any attempts by the police to
> intimidate Carter and Pringle were quite obviously unsuccessful. Not only did both
> witnesses' testimony at trial contradict their earlier statements to the police, but both
> witnesses specifically testified that police intimidation induced those statements.

Further, the defense cross-examined both witnesses in order to discredit their earlier statements. The intimidation of these witnesses, if there was any, may have extended to their original statements, but it did not extend to their testimony at trial.

*Legrone v. Birkett*, ___ Fed. Appx. ___, ___, 2014 WL 3015561, at *3 (6th Cir. July 7, 2014).  Here, as in *Legrone*, "[f]ar from interfering with [Hunter's] 'unhampered determination to testify,' any attempts by the [prosecutor] to intimidate [Hunter] were quite obviously unsuccessful," *id.*, and thus Hunter's affidavit does not provide facts that would support a constitutional claim for habeas relief. And because Hunter's affidavit does not provide any information relevant to the resolution of petitioner's habeas claims, expansion of the record pursuant to Rule 7 is inappropriate.

Accordingly, it is ORDERED that petitioner's motion to expand the record is hereby DENIED.  The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated: October 8, 2014

S/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 9, 2014, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager to the
Honorable Paul J. Komives